Reese, J.,
delivered the opinion of the court
The defendants in error were undertakers in the building of a court house for the county of Cannon. As compensation they received from the county some seven or eight thousand, and claimed a balance, as due to them, of seven or eight hundred dollars. They filed their petition in the Circuit Court of Cannon county, alledging their claim, and setting forth, that from the indebtedness of the county for general county expenditures and liabilities, the ordinary annual tax assessed by the county, would not, for years to come, create a fund which, according to the order of payment by priority of date, would be applicable to the satisfaction of their claim. And that the justices of the county had postponed, omitted and delayed the assessment of a special tax for the payment of their demand; and praying that a mandamus nisi might issue to said justices, to show cause why a peremptory mandamus should not issue from said court to compel them to assess such tax to an amount sufficient to pay said debt.
The plaintiffs in error, the said justices, upon the issuance of said process, demurred to the petition of the relators; which demurrer, on argument, was overruled by said Circuit Court, and it was adjudged, that a peremptory mandamus issue to said *146 justices, commanding them to assess a special county tax, on the 1st of January, 1847, then ensuing, adequate to the payment of the relator’s demand. But as it did not appear to the court, what was the precise debt due, an account was ordered to be taken by the clerk, to ascertain the same. F rom this judgment, and in order to reverse the same, the said justices have appealed in error to this court.
The second article of the constitution of Tennessee, 1st and 2d sections, provides, “that the powers of the government shall be divided into three distinct departments; the legislative, executive and judicial. No person or persons belonging to one of these departments, shall exercise any of the powers properly belonging to either of the others, except in cases herein directed or permitted.” The 28th section of the same article, enumerates, among the powers of the legislative department, the taxing power, and specifies the principle of assessment and the objects of taxation.
The next or 29th section, provides, “that the General Assembly shall have power to authorize the several counties and incorporated towns in this State, to impose taxes for county or corporation purposes respectively, in such manner as shall be prescribed by law. And all property shall be taxed by its value, upon the principles established in regard to State taxation.” In pursuance to this power the legislature have, by various statutes, authorized and empowered the Justices of the County Courts of the several counties, to exercise for county purposes this delegated power of taxation. The power itself is a portion of the fiscal or taxing power of the State, delegated, as we have said, pursuant to the constitution, to the several counties. The agents indicated bylaw, for the exercise of this delegated local power, happen to be the Justices of the County Court; but the power itself is not judicial, and might have been confided to any other agents, or to the people of the counties themselves. The power is given, is granted, to the justices, and not the duty imposed. Within their limited sphere, they have a discretion to exercise, of the same character with that of the legislature itself. They will inquire into the state of the debts.of the county public, and into the means of the same pub- *147 lie. It is their moral and political duty, so to exercise this power, as to preserve good faith, and to maintain the public credit in a healthful condition. If they omit to do this, the correction must be sought for among their constituency, in enlight-ed and honest public sentiment.
There is no principle upon which the judicial department can compel the exercise of this subordinate taxing power, which would not justify the same mandatory supervision over the taxing power of the legislature itself. No one would claim this for the courts. They have no more power to assess or command the assessment of taxes, than the legislature has to adjudge or to command the adjudication of law suits. And while the courts, as is their duty, shall firmly maintain thémselves, with reference to the other departments, in the exclusive exercise of the judicial power, it becomes them to avoid encroaching upon the other departments of the government in the discretionary exercise of political power. It would be a great evil, deeply to be deplored, if the legislature should, at any time, fail to sustain the public faith and credit, by fully discharging the debts of the State, but that evil cannot be averted by the courts awarding against them a peremptory mandamus to assess taxes adequate to the payment of the public debt; because to attempt this, would be going beyond the sphere in which judicial power is properly exercised. It is an evil of less magnitude, but still a great evil, for a county to omit to provide for the payment of its debts; but that evil cannot be corrected by compulsory steps on the part of the courts, to enforce assessment of taxes. If, owing to the pressure of the times, the general embarrassment of the community, or the like cause, influencing the exercise of the taxing power by the county court, they should abate the county assessment below the limits of their power, every creditor, for whatever sum, might, upon-the principle on which this mandamus was issued, file an application in the Circuit Court, ascertain his debt, and obtain his order upon the County Court to levy a tax and pay his debt.
But it is argued very strenuously, that these relators are entitled to some remedy; and that there is no other remedy, except that furnished by the mandamus. Many grievous wrongs *148 may be imagined as possible to result from the exercise or non-exercise of political power, in the legislative and executive departments, which cannot find a remedy in the courts of justice. Whatever may have been decided in other countries or governments, under a different organization and distribution of political power, we are satisfied, that, by our constitution and laws, the remedy attempted to be adopted and enforced on behalf of the relators, in this case, does not exist.
The judgment of the Circuit Court will be reversed, demurrer to the petition of the relators be sustained, and their petition be dismissed.